```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *    Case No. 10-MJ-507(RER)
                              *
                              *    Brooklyn, New York
                              *    May 5, 2010
     v.                       *
                              *
MICHAEL METTER,               *
                              *
           Defendant.         *
                              *
* * * * * * * * * * * * * * * *

          TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
             BEFORE THE HONORABLE RAMON E. REYES, JR.
                   UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Government:                JEFFREY A. GOLDBERG, ESQ.
                                   WILLIAM E. SCHAEFFER, ESQ.
                                   Asst. United States Attorney
                                   United States Attorney's Office
                                   271 Cadman Plaza
                                   Brooklyn, NY 11201


For the Defendant:                 JEFFREY B. SKLAROFF, EQ.
                                   Greenberg Traurig, LLP
                                   Met Life Building
                                   200 Park Avenue
                                   New York, NY  10166




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.


               **Fiore Reporting and Transcription Service, Inc.**
                        **4 Research Drive, Suite 402**
                  **Shelton, Connecticut 06484 (203)929-9992**

2

1       (Proceedings commenced at 2:58 p.m.)
2              THE CLERK: Criminal cause for arraignment, case no.
3   10-507-M, United States vs. Michael Metter.  Counsel, your
4   name for the record.
5              MR. GOLDBERG:  Jeffrey Goldberg and William
6   Schaeffer for the government. Good afternoon, Your Honor.
7              THE COURT:  Good afternoon.
8              MR. SKLAROFF:  Jeffrey Sklaroff for Mr. Metter,
9   Your Honor.
10             THE COURT:  Good afternoon.
11             Mr. Metter, the purpose of this proceeding is to
12  make sure that you understand the charges that are pending
13  against you, to make sure that you understand your rights as
14  a defendant in a criminal case, and to address the question
15  of whether you should be released on bail or held in jail
16  until the trial.
17             You have the right to remain silent.  You do not
18  have to make a statement to anyone.  If you start to make a
19  statement, you can stop at any time. If you've made
20  statements in the past, you're not required to make
21  statements in the future.
22             Any statements that you do make can be used against
23  you in the criminal case, except for statements that you make
24  to your lawyer. Those are privileged.
25             Do you understand that?

3

1    THE DEFENDANT:  Yes.
2    THE COURT:  You also have the right to counsel to
3    represent you throughout your criminal case.  I understand
4    that you've retained Mr. Sklaroff to represent you.
5    If in the future you can no longer afford his
6    services and if you're financially eligible, you can ask the
7    court to appoint counsel for you and the court will appoint
8    counsel to represent you.
9    Do you understand that?
10   THE DEFENDANT:  Yes, Your Honor.
11   THE COURT:  You've been charged in the complaint
12   with conspiracy to commit securities fraud and obstruction of
13   justice.
14   Have you seen a copy of the complaint?
15   THE DEFENDANT:  Yes, Your Honor.
16   THE COURT:  Have you discussed the charges with Mr.
17   Sklaroff?
18   THE DEFENDANT:  Yes.
19   THE COURT:  Do you understand the charges pending
20   against you?
21   THE DEFENDANT:  Yes.
22   THE COURT:  Mr. Sklaroff, you've had these
23   discussions with Mr. Metter?
24   MR. SKLAROFF:  Yes, Your Honor.
25   THE COURT: Are you satisfied that he understands

4

1 the charges and his rights?

2 MR. SKLAROFF: Yes, Your Honor.

3 THE COURT: Mr. Goldberg, you've agreed to bail in
4 this case?

5 MR. GOLDBERG: We have, Your Honor. What we have
6 in this case is a brazen scheme on the part of a public
7 company CEO and CFO to pull one over on the investing public
8 and then attempt to do so on the SEC.

9 The crimes are serious. The proof is strong and it
10 requires a significant bond.

11 We've agreed upon a $2 million bond, secured by
12 approximately $1 million worth of property.

13 I believe that the defendant's home, which we
14 believe is also owned by his wife, has an equity of about
15 $900,000 and that satisfies -- that's satisfactory to the
16 government.

17 The wife is going to be coming in tomorrow or the
18 next day to sign on the bond as well.

19 THE COURT: Was Mr. Metter's passport seized by
20 agents?

21 MR. GOLDBERG: It is -- it has been, yes.

22 THE COURT: All right. So he will be released today
23 and his wife will sign by Friday? Is that right?

24 MR. GOLDBERG: That's right, and we've agreed upon
25 a geographic condition of Connecticut, the Eastern District

5

1  of New York and the Southern District of New York.
2             THE COURT:  Anything to add, Mr. Sklaroff?
3             MR. SKLAROFF: Your Honor, just one exception. I can
4  talk about this with Mr. Goldberg after.
5              I have no objection to the package at all, but
6  there is just one item of travel; that Mr. Metter wants to be
7  able to attend his son's college graduation on the 15th in
8  Pennsylvania.  We can talk about that later.
9             MR. GOLDBERG:  That's fine. I have no objection
10 right now, if we wanted to take care of that right now.
11            THE COURT:  What date is the graduation?  The 15th?
12            THE DEFENDANT:  It's the weekend of the 15th and
13 16th, Your Honor.  We were planning to go down there on
14 Friday.
15            THE COURT:  Where in Pennsylvania?
16            THE DEFENDANT:  Lancaster, Pennsylvania.
17            THE COURT:  Okay. Mr. Metter, we're going to
18 release you on a $2 million bond.
19            Your travel will be restricted to Connecticut and
20 the Southern District of New York and the Eastern District of
21 New York.
22            If you have any question about where those
23 districts are, you can ask Mr. Sklaroff. He'll let you know.
24            You can also travel to and from Lancaster,
25 Pennsylvania to attend your son's graduation the 15th and

6

1      16th of this month.
2              You will not be permitted to apply -- you shall not
3      apply for any passports.
4              You're going to be under the Pretrial Service's
5      supervision subject to random home and workplace visits and
6      you must report to them as directed.
7              You will sign a confession of judgment, and your
8      wife will sign it, for your house in Greenwich and post that
9      confession of judgment by Friday the 7th.
10             And also, your wife will sign the bond by Friday as
11     well.
12             Do you understand those conditions?
13             THE DEFENDANT:  Yes, Your Honor.
14             THE COURT:  I want to explain a couple of other
15     things to you.
16             If you don't come to court when you're supposed to,
17     a warrant's going to be issued for your arrest and you'll be
18     detained on these charges until the trial. You will also face
19     a charge of bail jumping.
20             Bail jumping is separate and apart from the charges
21     you already face. You could be acquitted of these charges but
22     get convicted of bail jumping.
23             If you commit any crimes when you're out on
24     release, that's another violation of your bond.  You'll be
25     held on these charges until your trial, plus face those other

1      charges.

2              Mr. Goldberg, what about contact of co-defendants?

3              MR. GOLDBERG: Your Honor, there was a

4      recommendation made in Moskowitz's Pretrial Services report

5      that the defendants have no contact with each other.

6              While that would be desirable on the part of the

7      government, we recognize that they, at least as of today,

8      still work together.

9              So we're not sure how to proceed on that front.

10     Perhaps Your Honor would like to fashion a condition where

11     there's -- have no contact about the charges in this case or

12     the evidence against them.  I'm not sure if defendant's

13     counsel has a better idea.

14             THE COURT:  Mr. Sklaroff?

15             MR. SKLAROFF:  Well, Your Honor, they do still work

16     together, as I understand it, and it would be difficult to

17     prevent them from having contact for those purposes.

18             If there's an instruction that they shouldn't talk

19     about the case, I don't have a problem with that.  It would

20     be my instruction that they not talk about the case in any

21     event.

22             So if that's part of the conditions, I don't have

23     any objection to it.

24             THE COURT:  Well, practically speaking, how

25     enforceable is that?  All right --

8

1           MR. GOLDBERG:  I think we should leave it out.
2           THE COURT:  Okay. I'm going to leave it out, but I
3   will make the -- listen to your attorney on this one, on just
4   about everything also, but especially this, because it can
5   get you into further trouble.
6           Witness tampering is a crime, so if it's found that
7   you attempted to influence the testimony of any of your co-
8   defendants or witnesses in this case, you know, you could be
9   acquitted of these charges, but get charged with witness
10  tampering in any event.
11          MR. GOLDBERG: If I could echo that for one moment.
12  In particular with this case, because of the instructive
13  efforts undertaken by the defendants jointly, I just want to
14  note that for the record.
15          THE COURT:  Okay.  All right. Any questions about
16  the terms and conditions of your release?
17          THE DEFENDANT:  No, Your Honor.
18          THE COURT:  Why don't we have Mr. Metter sign the
19  bond.  What is his position with respect to preliminary
20  hearing?
21          MR. SKLAROFF:  We're willing to waive that, Your
22  Honor.
23       (Pause.)
24          THE COURT:  It's not noted on the bond, but I will
25  note that Ms. Metter must sign by Friday.

9

```
            Anything else?
            MR. GOLDBERG: Not from the government, Your Honor.
            MR. SKLAROFF: No, Your Honor.
            THE COURT:  Thank you.
            (Proceedings concluded at 3:06 p.m.)
       I, CHRISTINE FIORE, court-approved transcriber and
    certified electronic reporter and transcriber, certify that
    the foregoing is a correct transcript from the official
    electronic sound recording of the proceedings in the above-
    entitled matter.
```

*Christine Fiore* (signature)

_____          July 26, 2010

   Christine Fiore, CERT